*Garnett, for appellant.*

*J. D. Fogle, for appellee.*

---

THOMAS SHERCLIFF, ETC., *v.* P. P. COOPER & JARBOE.

**New Trial—Reversal—Appellant May Make a Better Case.**

Where a case is remanded for a new trial, the appellant has a right to make a better case if he can and have judgment in the event he should show himself entitled to it, otherwise a new trial would be a mere farce.

**Attachment—Discharge—Reinstatement—Presumptions.**

Where an attachment has been discharged by the circuit judge and reinstated by a judge of the Court of Appeals, it will be assumed that the discharge and reinstatement were made on the merits of the case, and such presumption is entitled to a controlling influence.

APPEAL FROM MARION CIRCUIT COURT.

November 4, 1872.

OPINION BY JUDGE LINDSAY:

The opinion of this court, reversing a judgment formerly rendered in this case in favor of Hill's administratrix, as appears upon its face, was based upon a state of facts wholly different from that now presented by the bill of exceptions.

Upon the former trial, Hill's representative rested on the discharge of the order of attachment without any other evidence of its being wrongfully sued out, whilst Cooper proved supplemental facts conducing to show sufficient cause for it. Besides this, it then appeared to this court that the attachment had been discharged by the circuit judge and reinstated by a judge of this

court after full preparation, and this court assuming, as it then had the right to do, that the discharge and reinstatement were made upon the merits of the controversy, were of the opinion that the reinstatement strongly implied that the proof showed sufficient ground for it, and held that in a case like this, such presumption should be entitled to a controlling influence, and expressed the opinion that as the case was then presented Hill's administratrix was entitled to no more than the legal costs taxable on the dismissal of the attachment suit. Notwithstanding this expression of opinion, however, the cause was remanded for a new trial, and, of course, upon the new trial Hill's administratrix had the right to make out a better case if she could, and have judgment in the event she should show herself entitled to it, otherwise the new trial would be a mere farce.

The evidence upon which we are now called to pass conduces to show that the attachment suit had not been fully prepared when the order was discharged and reinstated, but that much the larger portion of the preparation was made afterwards. It also is made to appear from the testimony of the circuit judge that the attachment was not discharged on its merits at all, but because he was of opinion that the clerk had not the right to grant it. Had these facts been before this court upon the former appeal, it may be safely assumed that the presumption arising from the reinstatement by the appellate judge would not have been indulged in.

Further than this, there is evidence conducing to show that the attachment was sued out without cause. Under such a state of case the jury might have concluded that appellant was at least entitled to recover reasonable attorney's fees for defending the attachment, and such other actual damages as had been sustained by reason of it. It was, therefore, error for the circuit judge to peremptorily instruct the jury to find for defendants.

Judgment *reversed,* and cause remanded for a new trial upon principles consistent with this opinion.

Judge Hardin did not sit in this case.

*C. S. Hill, for appellant.*

*Harrison, for appellee.*